NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TABITHA HUGHBANKS,                    )
                                      )
        Appellant,                    )
                                      )
v.                                    )        Case No. 2D14-3073
                                      )
STATE OF FLORIDA,                     )
                                      )
        Appellee.                     )
                                      )
_____)

Opinion filed September 11, 2015.

Appeal from the Circuit Court for
Hillsborough County; Daniel L. Perry,
Judge.

Howard L. Dimmig, II, Public Defender,
and Elizabeth S. Wheeler, Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, Tampa, for
Appellee.


SALARIO, Judge.

        Tabitha Hughbanks appeals an order revoking her probation and a

resulting judgment sentencing her to thirty months in prison for dealing in stolen

property.  She admits violating the conditions of her probation but asserts that those

violations did not justify revoking probation and that the trial court considered impermissible factors in imposing sentence. We affirm the revocation and sentence without comment and write only to correct a scrivener's error identified by Ms. Hughbanks and apparent on the face of the order of revocation.

On September 4, 2013, Ms. Hughbanks was charged with one count of dealing in stolen property and one count of grand theft of a motor vehicle. She pleaded guilty to dealing in stolen property and was placed on probation; the grand theft charge was dismissed. Following the revocation of probation, the trial court entered a written judgment and sentence and an order of revocation of probation, both of which included the dismissed charge. Ms. Hughbanks filed a motion to correct her sentence pursuant to Florida Rule of Criminal Procedure 3.800(b), and an amended judgment and sentence noting the dismissal was entered. The order of revocation, however, still identifies the grand theft charge as one to which Ms. Hughbanks pleaded. We therefore remand for the limited purpose of correcting the order of revocation to reflect that Ms. Hughbanks pleaded guilty only to the charge of dealing in stolen property. See Margolis v. State, 148 So. 3d 532, 532 (Fla. 2d DCA 2014).

Affirmed; remanded with instructions.

NORTHCUTT and BLACK, JJ., Concur.